# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22834556**
**Date Processed: 03/02/2021**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Depositors Insurance Company d/b/a Nationwide |
| **Title of Action:** | MT223, LLC vs. Depositors Insurance Company |
| **Matter Name/ID:** | Mt223, LLC vs. Depositors Insurance Company d/b/a Nationwide (10412391) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Midland County District Court, TX |
| **Case/Reference No:** | CV57376 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/01/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Brown Pruitt Wambsganss Dean Forman & Moore, P.C.<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION

DELIVERED
3 / 1 / 21
By ~~PCCLICK MSK~~
Austin Process, LLC

**CLERK OF THE COURT**
Alex Archuleta
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RANDALL L. DEAN
801 WELLS FARGO TOWER
201 MAIN STREET
FORT WORTH, TX 76102

**THE STATE OF TEXAS**

**NOTICE TO DEPOSITORS INSURANCE COMPANY D/B/A NATIONWIDE:**

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org."

TO: DEPOSITORS INSURANCE COMPANY D/B/A NATIONWIDE

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the 441ST DISTRICT COURT of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **February 3rd, 2021**

The file number of said suit being: **CV57376**

The style of the case is:

**MT223, LLC,**
**vs.**
**DEPOSITORS INSURANCE COMPANY,**

A copy of **PLAINTIFF'S ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on February 24th, 2021.

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: _____ , Deputy
FRANCES FLORES

**OFFICER'S RETURN**

CV57376                    **441ST DISTRICT COURT**

**MT223, LLC,**
**vs.**
**DEPOSITORS INSURANCE COMPANY,**

**ADDRESS FOR SERVICE:**
DEPOSITORS INSURANCE COMPANY D/B/A NATIONWIDE
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E. 7TH STREET, STE. 620
AUSTIN, TEXAS 78701-3218           OR WHEREVER THE REGISTERED AGENT MAY BE FOUND

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and
executed in _____ County, Texas by delivering to the within named defendant in person, a true
copy of this Citation together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, with the date
of delivery endorsed thereon, at the following time and places,
to-wit:

| Name | Date/Time | Place/Location |
|------|-----------|----------------|
|      |           |                |

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being:_____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being:_____

                                                    _____, Sheriff

**FEES FOR SERVICE $_____**           _____, County, Texas
   (Of Citation)

                                              By: _____, Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**
                              **VERIFICATION**
BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the
person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements
therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.


                                              _____
                                              NOTARY PUBLIC, STATE OF TEXAS
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address
                    (First, Middle, Last)
Is _____.
   (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.


_____          _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

Filed 2/3/2021 2:49 PM
Midland County - 441st District Court          Alex Archuleta
District Clerk
Midland County, Texas
CAUSE NO. CV57376                                        /s/ April Mora

| | | |
|---|---|---|
| **MT223, LLC,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **DEPOSITORS INSURANCE COMPANY,** | § | |
| *Defendant.* | § | **MIDLAND COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE COURT:

NOW COMES Plaintiff **MT223, LLC** ("Plaintiff" or "MT223") in the above numbered and styled cause, and files this its **PLAINTIFF'S ORIGINAL PETITION** ("Petition") against Defendant **DEPOSITORS INSURANCE COMPANY d/b/a NATIONWIDE** ("Defendant" or "Nationwide"), and in support hereof would respectfully show the Court as follows:

### I.
### DISCOVERY

1.1    Pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure*, Plaintiff requests that discovery in this case be conducted under a Level 3 discovery control plan tailored to the circumstances of this specific suit.

### II.
### RULE 47 STATEMENT

2.1    Pursuant to Rule 47 of the *Texas Rules of Civil Procedure*, Plaintiff seeks monetary relief over $1,000,000.

2.2    The damages Plaintiff seeks are within the jurisdictional limits of this Court.

### III.
### PARTIES

3.1    Plaintiff is a Texas limited liability company qualified and doing business in the State of Texas.

3.2     Defendant is an insurance company engaged in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company at 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218 or wherever the registered agent may be found.

3.3     Plaintiff and Defendant may also be hereinafter referred to individually as a "Party" or collectively as the "Parties".

## IV.
## JURISDICTION AND VENUE

4.1     This Court has subject matter jurisdiction over this action because the amount in controversy is in excess of the minimum jurisdictional limits of this Court pursuant to § 24.007 of the *Texas Government Code* and Article 5 of the *Texas Constitution*.

4.2     This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of selling insurance within the State of Texas and because this action arises out of Defendant's business of insurance conducted in the State of Texas.

4.3     Venue is proper in Midland County, Texas pursuant to § 15.032 of the *Texas Civil Practice and Remedies Code* because the insured property made the subject of this action is situated in Midland County, Texas.

## V.
## STATUTORY NOTICE AND CONDITIONS PRECEDENT

5.1     Pursuant to § 542A.003 of the *Texas Insurance Code*, Plaintiff, by and through its counsel, provided notice to Defendant, in writing, of the claims now made the subject of this action, including Plaintiff's claim for actual damages, in the manner and form required by law. Plaintiff has received a copy of such notice.

5.2     All other conditions precedent necessary to maintain this action and Plaintiff's

claim under the subject insurance policy have been performed, occurred, or have been waived by Defendant. Pleading in the alternative, Defendant is otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTUAL BACKGROUND

6.1    Plaintiff is the owner of the land and building located at 223 West Wall Street, Midland, Texas 79701 (the "Property"). In 2018 and 2019, Defendant insured the subject Property under a policy of insurance issued to Plaintiff and denominated by policy number ACP CCPD 3018222024 (the "Policy"). Plaintiff is the owner and the named insured under the Policy.

6.2    On or about June 3, 2018, or another time when the Policy was in effect, a severe hailstorm caused substantial damage to the Property, resulting in a covered loss under the Policy. Promptly thereafter, Plaintiff initiated a claim under the Policy and made demand for payment on Defendant for the damages to the Property covered under the Policy. That claim was denominated as claim number 842877-GI (the "Claim").

6.3    After receiving the Claim, Defendant failed to comply with the terms of the Policy, the *Texas Insurance Code*, and Texas law, including by: (a) failing to pay all amounts due and owning under the Policy and (b) failing to properly adjust the Claim. To date, Defendant continues in its failure pay all amounts due and owing to Plaintiff under the Policy for the Claim.

6.4    Further to the foregoing, Defendant wrongfully: (a) assigned improper adjusters to handle Plaintiff's Claim; (b) failed to conduct a proper investigation of Plaintiff's Claim; and (c) failed to properly review or adjust the Claim pursuant to the Policy prior to its denial of the Claim. Furthermore, Defendant's adjuster failed to quantify the full extent of storm-caused damages at the Property and undervalued the Property's damages, which resulted in the improper denial of Plaintiff's Claim. Defendant also did not perform an adequate and proper investigation of the

Claim and denied the Claim without an adequate explanation for its decision.

6.5    In addition, Defendant omitted numerous areas of covered losses from its valuation of the covered damages and improperly concluded, without adequate inquiry, that "this loss was caused by mechanical damage". This unsupported conclusion is a complete misrepresentation of the covered loss, which was known to Defendant at the outset of its investigation.

6.6    After Defendant unilaterally and wrongfully concluded that Plaintiff's Claim and the "loss was [primarily] caused by mechanical damage" and that the covered portion of the loss "[did] not exceed the deductible", Plaintiff invoked the appraisal procedure set forth in the Policy, selecting Doug Laczynski ("Mr. Laczynski") as its designated appraiser. Defendant on its part, failed to timely appoint an appraiser as required under the Policy, but then after Plaintiff sought the appointment of an umpire, Defendant selected Khaun McCormick ("Mr. McCormick") as its designated appraiser.

6.7    Mr. Laczynski and Mr. McCormick were unable to agree on the compensable loss under the Policy, and so on June 20, 2019 Plaintiff filed an Application for Appointment of Umpire in the 318th District Court of Midland County, Texas. Pursuant to Plaintiff's Application for Appointment of Umpire, the 318th District Court of Midland County, Texas entered an order appointing Mark Weeks ("Mr. Weeks" or the "Umpire") as the designated Umpire and instructing Mr. Weeks to issue a final appraisal award and determination as provided for under the Policy.

6.8    On or about January 3, 2020, in accordance with his charge and the terms of the Policy, Mr. Weeks returned an Umpire Appraisal Award (the "Appraisal Award") finding that the covered loss to the Property totaled $1,314,202.54 RCV/$1,272,479.79 ACV. Attached as **Exhibit "A"** and incorporated herein by reference for all purposes is a true and correct copy of the Appraisal Award, which was provided to both Plaintiff and Defendant. As provided under the

Policy, the Appraisal Award became binding on both Parties upon execution by two of the three members of the appraisal panel. Namely, Mr. Laczynski and Mr. Weeks, both members of the appraisal panel, executed the Appraisal Award in January of 2020, thus binding the Parties to the Appraisal Award. *See.* Ex. "A".

6.9     Despite receiving a copy of the binding Appraisal Award, Defendant thereafter continued in its disregard and breach of its obligations to Plaintiff under the terms of the Policy and applicable law, including by failing to pay any portion of the Appraisal Award and by failing to reasonably adjust the Claim.

6.10     More than a year has now passed since the Parties received the Appraisal Award and although Plaintiff has since made multiple demands for payment of the Appraisal Award, Defendant has wholly failed and continues to fail to pay any of the Claim proceeds due Plaintiff. Defendant has further failed to participate in the appraisal process in good faith or deal with Plaintiff fairly in the adjustment and payment of the Claim.

6.11     Defendant's intentional and knowing unconscionable activity in misrepresenting facts concerning the Claim and Policy and failing to participate in good faith in the adjustment, appraisal, and payment of the Claim are actionable under the *Deceptive Trade Practices Act* and the *Texas Insurance Code* and have caused Plaintiff to suffer actual damages and incur substantial expense for which it now seeks recovery herein.

6.12     Further, Defendant has refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation, instead performing an unreasonable outcome-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's Claim. Defendant's conduct violates § 541.060(a) of the *Texas Insurance Code.*

## VII.
## CAUSES OF ACTION

**A.    Breach of Contract.**

7.1    Plaintiff incorporates and re-alleges all of the facts set forth in Paragraph VI. above as if set forth fully at length herein.

7.2    Plaintiff and Defendant entered into a contractual relationship whereby Plaintiff agreed to pay premiums and Defendant agreed to insure and pay covered claims on the Property in accordance with the Policy. The Policy is a binding and enforceable insurance contract between the Parties.

7.3    Defendant breached its contractual obligations to Plaintiff, its insured, under the terms of the Policy by failing to pay the full amount of the covered claim on the Property and by refusing to perform on its other obligations under the Policy, including by failing to honor the Appraisal Award.

7.4    Defendant's breach of the Policy proximately caused Plaintiff's injuries and damages, all of which were reasonably foreseeable to Defendant.

7.5    All conditions precedent required under the Policy and applicable law have been performed, excused, waived, or otherwise satisfied by Plaintiff. Alternatively, Defendant is estopped from raising any such conditions due to Defendant's prior breach of the Policy.

**B.    Defendant's Breach of its Duty of Good Faith and Fair Dealing.**

7.6    Plaintiff incorporates and re-alleges all of the facts set forth in Paragraph VI. above as if set forth fully at length herein.

7.7    From and after the time that Plaintiff's Claim was presented to Defendant, Defendant's liability to pay the Claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would

have relied to deny payment of Plaintiff's Claim, Defendant refused to accept the Claim and pay Plaintiff as the Policy required. Further, Defendant failed to timely comply with the appraisal provision of the Policy and expressly rebuffed Plaintiff's attempts to facilitate an appraisal as required under the Policy. Thereafter, Defendant also wrongfully refused to honor the Appraisal Award.

7.8    At the time of its denial of Plaintiff's claim and its refusal to comply with the Appraisal Award, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. However, Defendant failed to conduct a reasonable investigation of the Claim and refused to rely on the true facts, instead resorting to producing faulty, incomplete, and biased reasons as subterfuge to avoid paying the valid Claim. To this end, Defendant may not allege any new basis for the denial of the Claim as its conduct is to be judged based on what it knew at the time of the denial.

7.9    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

## C.    Defendant's Violation of the Texas *Deceptive Trade Practices Act* and the *Texas Insurance Code*.

7.10    Plaintiff incorporates and re-alleges all of the facts set forth in Paragraph VI. above as if set forth fully at length herein.

7.11    Plaintiff further files this action against Defendant pursuant to §§ 17.41 *et seq.* of the *Texas Business and Commerce Code*, commonly known as the *Deceptive Trade Practices Act* (the "DTPA") and Chapters 541, 542, and 542A of the *Texas Insurance Code*.

7.12    Defendant was given written notice of the claims made the subject of this action,

including a statement of Plaintiff's economic damages and attorneys' fees and expenses before this suit was filed as required by the DTPA and the *Texas Insurance Code*. Tex. B. & Comm. Code § 17.505(a); Tex. Ins. Code § 542A.003. All conditions precedent to assert Plaintiff's statutory claims have been performed or have occurred.

7.13    This suit arises out of the acts and omissions of Defendant in misrepresenting the terms of the Policy, and improperly adjusting and wrongfully failing to pay Plaintiff's Claim, including as described in Paragraph VI. above. Plaintiff purchased an insurance Policy from Defendant. In purchasing the Policy, Defendant represented that the Policy would cover the Property in the event of hail damage to the Property. However, after Defendant denied Plaintiff's rightful Claim under the Policy, Plaintiff determined that the representations made by Defendant were false. Defendant's conduct violates § 17.46(b) of the *Texas Business and Commerce Code*. Specifically, Defendant engaged in the following false, misleading, or deceptive acts, or practices prohibited by § 17.46(b) of the *Texas Business and Commerce Code*:

a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not;

b.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

c.    Representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and/or

d.    Failing to disclose information concerning goods or services that was known at the time of the transaction, which was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

7.14    This suit arises out of the acts and omissions of Defendant in misrepresenting the terms of the Policy, and improperly adjusting and wrongfully failing to pay Plaintiff's Claim, including as described in Paragraph VI. above. Plaintiff purchased an insurance Policy from Defendant. In purchasing the Policy, Defendant represented that the Policy would cover the Property in the event of hail damage to the Property. However, after Defendant denied Plaintiff's rightful Claim under the Policy, Plaintiff determined that the representations made by Defendant were false. Defendant's conduct violates § 541.061 of the *Texas Insurance Code*. Specifically, Defendant engaged in misrepresentations prohibited by § 541.061 of the *Texas Insurance Code*, including by:

a.    "[M]aking an untrue statement of material fact";

b.    "[F]ailing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made";

c.    "[M]aking a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact";

d.    "[M]aking a material misstatement of law"; and/or

e.    "[F]ailing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of [the Texas Insurance Code]".

7.15    This suit arises out of the acts and omissions of Defendant in improperly adjusting and wrongfully failing to pay Plaintiff's Claim and in engaging in unfair claim settlement practices, including as described in Paragraph VI. above. Defendant engaged in a concerted outcome-oriented claims process in an attempt to avoid payment of Plaintiff's valid Claim, even going so far as to ignore the valuation and appraisal of Defendant's own selected appraiser. Specifically, Defendant engaged in unfair claim settlement practices prohibited by the Texas State Board of

Insurance and § 17.50(a)(4) of the DTPA and § 541.060 of *Texas Insurance Code*, including by:

a.      Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

b.      "[M]isrepresenting to a claimant a material fact or policy provision relating to coverage at issue";

c.      Failing to "in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear";

d.      "[F]ailing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim";

e.      "[C]ompelling" policyholders to institute suits to recover amounts due under "its policies" by offering them substantially less than the amounts ultimately recovered in suits brought by them; and/or

f.      "[R]efusing to pay a claim without conducting a reasonable investigation with respect to the claim".

7.16    This suit arises out of the acts and omissions of Defendant in improperly adjusting and wrongfully failing to pay Plaintiff's Claim and in engaging in unfair claim settlement practices, including as described in Paragraph VI. above. Defendant engaged in a concerted outcome-oriented claims process in an attempt to avoid payment of Plaintiff's valid Claim, even going so far as to ignore the valuation and appraisal of Defendant's own selected appraiser and then also ignoring the entered Appraisal Award. Specifically, Defendant engaged in unlawful practices prohibited by Chapters 541 and 542 of the *Texas Insurance Code*, including by:

a.      Failing to properly and fairly adjust the Claim;

b.     Failing to fully and timely investigate Claim;

c.     Failing to timely respond to the insured's Claim/report of damage;

d.     Purposefully ignoring, omitting and/or undervaluing the Claim;

e.     Failing to provide a reasonable response to the insured;

f.     Misrepresenting material facts and deceiving the insured;

g.     Misrepresenting and deceiving the insured in failing to pay the Appraisal Award;

h.     Misrepresenting and engaging in an actual/attempted fraud upon the insured;

i.     Breaching its duty of good faith and fair dealing; and/or

j.     Delaying and failing to promptly and fairly process and pay all or part of the Appraisal Award and the Claim more than sixty (60) days after receiving all items, statements, and forms requested and required.

7.17    Defendant's unlawful conduct in violation of Chapters 541, 542, and 542A of the *Texas Insurance Code* and the DTPA was a producing cause of actual damages suffered by Plaintiff. Plaintiff relied on Defendant's deceptive acts or practices to Plaintiff's detriment in that it believed that covered losses would be paid and that Defendant would comply with the terms of the Policy, including the provisions for appraisal of the Claim.

7.18    Plaintiff further alleges that Defendant's unlawful conduct in violation of Chapters 541, 542, and 542A of the *Texas Insurance Code* and the DTPA was committed knowingly, in that Defendant knew that the appraisal provision of the Policy had been correctly invoked and knew that all or part of Plaintiff's claim was a covered loss under the Policy. Therefore, in addition to actual damages and attorneys' fees, Plaintiff seeks to recover for mental anguish, as found by the trier of fact, and up to three times the amount of actual damages as treble damages.

7.19    Plaintiff further alleges that Defendant's unlawful conduct in violation of Chapters

541, 542, and 542A of the *Texas Insurance Code* and the DTPA was committed intentionally, in that Defendant intentionally denied Plaintiff's claim and sought to avoid its obligations under the Policy. Therefore, in addition to actual damages and attorneys' fees, plaintiff seeks to recover for mental anguish, as found by the trier of fact, and up to three times the amount awarded for mental anguish and actual damages as treble damages.

**D.    Defendant's Violation of its Statutory Obligations for Prompt Payment of Plaintiff's Claim.**

7.20    Plaintiff incorporates and re-alleges all of the facts set forth in Paragraph VI. above as if set forth fully at length herein.

7.21    The Claim is a claim under Plaintiff's insurance policy with Defendant of which Plaintiff gave Defendant proper notice. Defendant is liable for the Claim.

7.22    Defendant violated the prompt payment of claims provisions of Chapter 542 of the *Texas Insurance Code* by:

a.    Failing to acknowledge or investigate the Claim or to request from Plaintiff all items, statements and forms that Defendant reasonably believed would be required within the time constraints provided by § 542.055 of the *Texas Insurance Code*;

b.    Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by § 542.056 of the *Texas Insurance Code*; and/or

c.    Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by § 542.058 of the *Texas Insurance Code.*

7.23    Defendant's violations of the prompt payment of claims provisions of the *Texas Insurance Code* are made actionable by § 542.060 of the *Texas Insurance Code.* Accordingly, in addition to Plaintiff's claim for actual damages, Plaintiff is further entitled to 18% interest or

penalty interest calculated by adding 5% to the interest rate set by § 304.003 of the *Texas Finance Code*, together with Plaintiff's reasonable and necessary attorneys' fees. Tex. Ins. Code § 542.060.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1    Plaintiff would show that it is entitled to recover pre-judgment and post-judgment interest at the highest rates permitted by law on all sums due and owing to Plaintiff by Defendant.

## IX.
## ATTORNEYS' FEES

9.1    Because of Defendant's conduct, Plaintiff has been compelled to engage the services of the undersigned attorneys to prosecute this action. Plaintiff is therefore entitled to recover from Defendant for the reasonable and necessary services of the undersigned attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas pursuant to § 38.01 of the *Texas Civil Practice and Remedies Code*, § 17.50(d) of the *Texas Business and Commerce Code*, § 541.152 of the *Texas Insurance Code*, and/or any other applicable law authorizing such recovery.

## X.
## EXEMPLARY DAMAGES

10.1    Plaintiff would further show that Defendant's breach of its duty of good faith and fair dealing was aggravated by the kind of fraud and intent for which the law allows the imposition of exemplary damages. Defendant's conduct included the making of material misrepresentations that were false and either known by Defendant to be false or made as a positive assertion with reckless disregard for the truth. Defendant intended that its misrepresentations would be relied upon by Plaintiff and, in fact, Plaintiff did rely on the misrepresentations and suffered harm as a result.

10.2    Plaintiff therefore seeks exemplary damages in an amount to be assessed by the

---

trier of fact.

## XI.
## JURY DEMAND

11.1     Plaintiff hereby demands a trial by jury.

## XII.
## REPORTER DEMAND

12.1     Plaintiff hereby requests that the official court reporter for the Court perform all of the duties of his or her office as set forth in Section 52.046 of the *Texas Government Code* and Rule 13 of the *Texas Rules of Appellate Procedure*, including reporting all testimony and trial proceedings, voir dire examinations, and jury arguments.

## XIII.
## RULE 193.7 NOTICE

13.1     Pursuant to Rule 193.7 of the *Texas Rules of Civil Procedure*, Plaintiff gives notice that all documents produced to Plaintiff by Defendant during discovery in this matter may be used at any trial or pretrial proceedings in this cause.

13.2     Defendant is requested to provide notice of any objection to the authenticity of any documents produced by it, or any part thereof, and to state the specific basis for such objection, within ten (10) days after the later of: (a) service of this notice or (b) the production of the documents to Plaintiff.

## XIV.
## PRAYER

14.1     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests and prays that Defendant be cited to appear and answer herein and that, upon final trial or other disposition of this action, Plaintiff have and recover from Defendant the following:

a.     Judgment for the benefits payable to Plaintiff under the Policy;

b.    Actual damages for the harm suffered by Plaintiff in a sum as found by the trier of fact;

c.    For Defendant's knowing conduct in violation of the *Texas Insurance Code* and/or the DTPA, treble damages calculated as three times the amount of Plaintiff's actual damages;

d.    For Defendant's intentional conduct in violation of the *Texas Insurance Code* and/or the DTPA, treble damages calculated as three times the amount of Plaintiff's actual damages and mental anguish damages;

e.    For Defendant's knowing or intentional conduct in violation of the *Texas Insurance Code* and/or the DTPA and/or breach of its duty of goody faith and fair dealing, Plaintiff's mental anguish damages as found by the trier of fact;

f.    For Defendant's noncompliance with the *Texas Insurance Code*'s prompt payment of claims provisions, 18% interest or penalty interest calculated by adding 5% to the interest rate set by § 304.003 of the *Texas Finance Code*;

g.    Exemplary and/or enhanced or statutory damages as found by the trier of fact;

h.    Plaintiff's reasonable and necessary attorneys' fees;

i.    Plaintiff's costs of court;

j.    Pre-judgment interest and post-judgment interest as otherwise allowed by law; and

k.    All such other and further relief, at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Randal L. Dean*
Randal L. Dean, SBN 00789249
Kyle Voss, SBN 24093310

**BROWN PRUITT WAMBSGANSS DEAN
FORMAN & MOORE, P.C.**
801 Wells Fargo Tower
201 Main Street
Fort Worth, Texas 76102
Tel.: (817) 338-4888; Fax: (817) 338-0700
E-Service: rdean@brownpruitt.com
E-Service: kvoss@brownpruitt.com

**ATTORNEYS FOR PLAINTIFF MT223, LLC**